### KAGER v. BRENNEMAN et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. DIRECTING CONVEYANCE—APPEAL—STAY.

Where the court ordered defendants to execute a deed to the plaintiff, such court had the discretionary power, upon an appeal by defendants, to grant a stay pending the appeal upon giving bond.

2. SAME—UNLIMITED STAY.

An order granting a stay pending appeal from a judgment commanding the execution of a deed to lands, which does not limit the duration of the stay, or provide for the contingency of an affirmance of the judgment, or a failure to perfect the appeal, is too broad, and will be corrected on application.

3. SAME.

Upon appeal from a judgment commanding defendants to execute a deed of lands to plaintiff, where a stay has been granted pending appeal, defendants should execute a deed as directed, and deposit it with the clerk of the court, to be by him held pending the appeal, with directions to deliver same to respondents in case of affirmance, and to appellants in case of reversal.

Appeal from special term, New York county.

Action by Josephine Kager against Charles Brenneman, Edward Leonhard, and others, to direct a conveyance. From an order granting a stay of interlocutory judgment in favor of plaintiff, plaintiff and defendant Edward Leonhard and other defendants appeal. Modified.

Argued before PATTERSON, P. J., and McLAUGHLIN, HATCH, and INGRAHAM, JJ.

Henry A. Forster, for appellants.
Paul Fuller, for respondents.

McLAUGHLIN, J. Upon a former appeal from a judgment entered in this action, Charles Brenneman and Elizabeth Brenneman, his wife, were directed by this court to execute and deliver to the appellants a good and sufficient conveyance in fee, with covenants against their own acts, of an interest in certain premises described in the complaint, within a given time after service upon them or their attorneys of a notice of the entry of judgment. 62 N. Y. Supp. 339. Judgment was entered, and notice given, and the appellants,

desiring to appeal to the court of appeals from so much of the judgment as directed the giving of the deed of conveyance, applied to the special term for a stay pending the appeal. The motion was granted on condition that an additional bond in the penal sum of $8,000 be given, and from such order this appeal is taken.

It cannot be seriously questioned but that the court had the power to grant the stay pending an appeal to the court of appeals. The court always has power, in the interest of justice, to control its judgments, or to suspend the operation of them during proceedings taken to review their validity. Genet v. Canal Co., 113 N. Y. 475, 21 N. E. 390. Here it would seem as if the discretion were properly exercised. The appeal and the determination of it would serve little or no purpose if Brenneman and wife were compelled, in advance of the appeal, to do the act which substantially satisfies the judgment. We are of the opinion, however, that the order is too broad. It grants an unlimited stay to the enforcement of the judgment. No provision is contained in it for the termination of the stay if an appeal be not taken, or if the judgment, on appeal, be affirmed. We are also of the opinion that provision should be made which would protect the respondents in case the judgment should be affirmed, and the appellants, or either of them, should die pending the appeal. The order should therefore be modified by inserting therein a provision to the effect that, if the Brennemans appeal from the judgment within the time provided by law in which an appeal may be taken, the judgment and all proceedings thereunder be stayed pending such appeal and until the same be finally determined, on condition, however, that Charles Brenneman and Elizabeth Brenneman, his wife, in addition to giving the bond named, execute a deed of conveyance as directed in our former decision, and deliver the same to the clerk of the court, to be by him held pending such appeal, with directions, in case the judgment appealed from be affirmed, that he then deliver the same to the respondents on the appeal, or their attorneys; and that, if the judgment appealed from be reversed, then such conveyance be returned to the appellants, or their attorneys; and, as so modified, that the order appealed from be affirmed, without costs to either party. All concur.