Marcus G. Christ, J.
The defendants have moved for summary judgment under rule 113 of the Civil Practice Act against a complaint which seeks specific performance of a contract for the sale of real estate. The defendants own a parcel of land in Kings Point, Nassau County upon which the plaintiff, as a builder, agreed to construct a residence building. A dispute as to the quality of the work was settled by the contract of the defendants to sell the house to the plaintiff builder. That contract is the subject of this action. The price of $46,750 was to be paid by allowing credit for the sum of $9,700 for the work the builder had done, part of the balance by two notes, one for $2,000 due July 15, 1955, the other for $10,050 due January 13, 1956. These notes contained a provision for acceleration after a three-day default. The remainder of the purchase price of $25,000 was to be paid by the plaintiff assuming the building loan mortgage then against the property. The contract contained a provision that the agreement could not be changed or terminated orally and further provided that time was of the essence of the contract with the right in the seller to retain as liquidated damages any payments by the purchaser in ease of a default.
The $2,000 note became due on July 15,1955. It was not paid when due but plaintiff’s check dated July 22, 1955 was subse *816 quently given to defendants by the plaintiff. When the check was presented at the bank it was dishonored and protested. The plaintiff asserts that the attorney for the defendants agreed (1) that an extension of time be granted on the note and (2) that the check given was not to be put through the bank until the plaintiff was advised that it was to be presented. The plaintiff asserts that immediately thereafter he tendered a certified check in the sum of $2,000 and a copy of it is attached to the plaintiff’s answering affidavit. An examination of this check shows it to be one of the W. R. S. Building Corp. signed by the plaintiff as president, made, to his own order personally. This check was refused. It was a corporation check being offered to pay a personal obligation of the plaintiff. Defendants could not accept this without being on notice of a possible diversion of the corporate funds and they were not obliged to accept it. After the default defendants elected to accelerate the maturity of the $12,500 note and were ready and willing then to accept full payment but the balance was not tendered.
The defendants’ motion for summary judgment dismissing the complaint is good. Time was made of the essence of the payments by the agreement and the moneys were not paid in accordance with the contract. The oral waivers and modifications by the attorney for the defendants, assuming them to have been made, are ineffectual in the face of the provisions of the contract providing that the agreement may not be modified orally, particularly when considered in the light of the provisions of subdivision 5 of section 282 of the Real Property Law. This provides that no agent may orally alter the terms of a written agreement which contains a restriction against oral alteration unless the agent is himself authorized to do so by a writing. The tender of the corporate check added nothing to strengthen the plaintiff’s position. Defendants were fully within their rights to accelerate the payment on the second note. The failure of the plaintiff to comply with the terms of the agreement must defeat this action in specific performance and judgment will be rendered for the defendants. Motion granted. The Us pendens, nevertheless, must remain until the time to appeal expires in accordance with section 123 of the Civil Practice Act. The motion to dismiss the lis pendens is denied without prejudice to a renewal.
Submit order.