Mario Pittoni, J.
Motion to cancel a notice of pendency of action pursuant to subdivision (a) of section 6514 of the Civil Practice Law and Rules is denied, without prejudice to a renewal if the plaintiff does not apply to the Appellate Division, Second Department, for a stay within 30 days from the service of a copy of the order to be entered hereon.
The papers reveal that a final judgment dismissing the complaint, with $25 costs, was entered on November 21, 1963 in an action for the specific performance of a contract for the sale of real estate. An undertaking to pay the sum of $25 was filed on or about December 6,1963 and a notice of appeal was served promptly.
It is the contention of the defendant that the undertaking filed is not sufficient to warrant a stay in view of the damages which he .may suffer by reason of the appeal and moreover that the *966 filing of an undertaking in that sum does not authorize a stay without a court order under subdivision (a) of section 5519 of the Civil Practice Law and Rules.
The court has examined subdivision (a) of section 6514 of the Civil Practice Law and Rules which provides, inter alia, for the “ county clerk to cancel a notice of pendency * # * if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519 ’ ’, and the numerous provisions of section 5519 of the Civil Practice Law and Rules. It is quite apparent that what was clear and definite in section 586 of the Civil Practice Act is not as clearly and definitely expressed in the Civil Practice Law and Rules, even though it may have been the intention of the draftsmen of the Civil Practice Law and Rules to embody the substance of section 586, as stated in the Third Preliminary Report of the Advisory Committee on Practice and Procedure (March 1, 1959, p. 384) and in David R. Kochery’s Practice Commentary under section 6514 of volume 7B in McKinney’s Consolidated Laws.
Here, the judgment provides for the dismissal of the complaint and the payment of $25 costs. Enforcement of the judgment might be considered as involving only the $25 costs — for which the undertaking filed would provide security. The likelihood is that the legislators did not intend an undertaking in such a nominal amount as sufficent to stay the cancellation of a notice of pendency of action, but rather intended that an application for a stay be made to the court under subdivision (a) of section 5519, at which time the court could consider the damages which would probably be caused by an unsuccessful appeal and fix an undertaking in an appropriate amount to cover such damages. But the lack of clarity in sections 5519 and 6514 could mislead an innocent appellant.
Accordingly, as the papers submitted do not contain facts permitting this court to determine what would be a reasonable undertaking, as under subdivision (a) of section 5519 an application for a stay may be made to the Appellate Division where the appeal is pending, and as it may be pertinent to consider the merits of the appeal and its diligent prosecution in determining the propriety of the stay, the motion is denied as stated at the outset so that an application for a stay may be made to the Appellate Division, Second Department.