FREEDOM ENTERPRISES, INC., et al., Plaintiffs, *v.* HAGER REALTY CORP. et al., Defendants.

Supreme Court, Special Term, New York County, January 25, 1967.

*Dunbar S. McLaurin (Charles Krupin* of counsel), for plaintiffs. *M. J. Schutz* for defendants.

CHARLES G. TIERNEY, J. Plaintiffs move to resettle the order of this court dated August 11, 1966 which dismissed the complaint herein seeking specific performance of a contract for the sale of realty, and in conjunction therewith, directed the County Clerk to cancel plaintiffs' notice of pendency. Plaintiffs, the court is advised, now have an appeal pending from this order.

Dismissal of a complaint requires that the notice of pendency of the action be cancelled (*Terrace Ct. Realty* v. *Fifth Ave. Realty Corp.*, 27 Misc 2d 110). However, the court may direct cancellation only " if the time to appeal from a final judgment against the plaintiff has expired ". (CPLR 6514, subd. [a].) In not providing for a 30-day stay of the vacatur of the notice of pendency, this court was in obvious error.

On the basis of this oversight plaintiffs seek to resettle the aforesaid order to the extent of having a provision therein directing reinstatement of the notice of pendency *nunc pro tunc.*

Plaintiffs' application has as its premise, it would seem, that the stay of vacatur of the notice of pendency until expiration of the time to appeal stays a vacatur of the notice pending the appeal. The court does not agree; the stay to which plaintiffs were entitled would in no event have exceeded 30 days.

It is the final clause of CPLR 6514 (subd. [a]) which provides for a stay during the pendency of an appeal. This clause, which embodies the substance of most of former section 586 of the Civil Practice Act, (CPLR 6514 Practice Commentary) permits cancellation of a notice of pendency " if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519."

Under former section 586, in an action to compel specific performance of a contract for the sale of realty, the defendant,

pending the appeal of a judgment in his favor, upon motion, was entitled to an order canceling any notice of pendency filed in the action, unless the plaintiff-appellant filed an undertaking in a sum fixed by the court to protect the defendant against losses pending the appeal.

In the opinion of the court this is still the law of New York and reflects the meaning and intent of the interplay of CPLR 6514 (subd. [a]) and CPLR 5519 (subd. [c]). (See *Marat Corp.* v. *Abrams,* 41 Misc 2d 965.) Accordingly, the court is of the view that plaintiffs should be in no better position now than they would have been had the court in its order of August 11, 1966 stayed cancellation of the notice of pendency until an appeal had been filed. The burden, then as now, once an appeal is filed, is upon plaintiffs to stay the judgment in accordance with CPLR 5519 (subd. [c]). That being the case, the court holds that plaintiffs are not now entitled to a stay.

As for plaintiffs' claim that they are entitled to the imposition of a 30-day stay, *nunc pro tunc,* it appears that the rights of other parties must now be considered. Subsequent to this court's order of August 11, 1966, and after implementation of the direction to cancel the notice of pendency, the property which had been the subject of the notice was conveyed to a third party. Whether in other respects the grantee is a bona fide purchaser for value, he at least had a right to rely upon this court's order directing a cancellation of the *lis pendens* and should not now be burdened with the imposition of a notice of pendency, *nunc pro tunc.* This is especially so in the light of plaintiffs' failure to raise any objections to the order directing the cancellation of the notice of pendency, which order was settled upon notice to plaintiffs.

Accordingly, the application to resettle the order of August 11, 1966 is denied.