Edward S. Conway, J.
This is a motion by the defendants for an prder (1) .directing the Clerk of Columbia County to cancel a lis pendens (notice of pendency) pursuant to CPLB 6514 in the above-entitled action on the ground that the action alleged in the complaint is not such a cause of action that notice of pendency thereof may be filed pursuant to CPLR 6501, and for an order (2) dismissing the plaintiff’s complaint pursuant to CPLR 3211 (subd. [a], par. Í) upon the ground that defenses are founded upon documentary evidence and for an order (3) dismissing the complaint pursuant to CPLR 3211 (subd. [a], pars. 3, 7) in that the complaint fails to state a cause of action and plaintiff lacked legal capacity to sue.
The complaint in the first cause of action herein seeks specific performance of a contract for the purchase of real property entered into June 7, 1972 by the plaintiff as buyer and defendant Lucille McCabe, as executrix of the estate of J. Balph Sawryer, as seller. The second cause of action sets forth an alleged fraud on the part of defendants to deprive the plaintiff of the property in question. The contract contained a clause that it was contingent upon its approval by the Surrogate Court of Columbia County, and was not binding upon the parties until approval was granted by the Surrogate. The Surrogate, Hon. Earl Sohram, Jr., did not approve the contract and an order was entered that the contract was rejected and disallowed and that the deposit should be returned to plaintiff G-elbro Realty, Inc., and further that Lucille McCabe, as executrix, was *108 authorized to execute a new contract and convey the subject property to defendant John Malasky pursuant to said contract. The plaintiff G-elbro Realty, Inc. was not a party to those proceedings before the Columbia County Surrogate.
Plaintiff made an immediate motion for reargument on the ground that the statute requires notice to all interested parties and plaintiff did not receive notice of the proceeding and was not a party thereto. After a hearing before the Hon. Edwin Oberwager, the present Columbia County Surrogate, the motion for reargument was denied and an order to that effect was signed on May 24 with notice of entry on May 29, 1973.
Defendants contend that the complaint does not seek recovery of a judgment affecting the title to or the possession, use or enjoyment of real property which would justify or permit the filing of a notice of pendency pursuant to CPLR 6501. Defendants further contend that a defense founded upon the order of the Columbia County Surrogate nullifies the contract upon which the complaint is based and therefore, the complaint should be dismissed.
The court cannot agree with the contentions of the defendants. The time to file the notice of appeal expires on June 28, 1973 and plaintiff, in his opposing affidavit, has indicated that an appeal will be taken. The lis pendens, therefore, must remain until the time to appeal expires. (Samuels v. Kurland, 6 Misc 2d 814; Freedom Enterprises v. Hager Realty Corp., 52 Misc 2d 1043; CPLR 6514, subd. [a].) Certainly an action for specific performance of a contract to convey real property is one envisioned by the courts for the filing of a Us pendens and, in fact, is specifically mentioned in subdivision 2 of CPLR 6515.
Therefore, the motion of the defendants to cancel the Us pendens is denied without prejudice to a renewal if the appeal is not perfected by June 28, 1973, and the further motion of the defendants to dismiss the complaint is also denied.