■ DONALD WILKINSON, Appellant, v FRANCIS SUKIENNIK et al., Defendants, and ROBERT HOELSCHER, Respondent.—Motion, insofar as it requests leave to appeal to the Court of Appeals and for a stay of the order entered April 4, 1986, denied; insofar as it requests a stay pending an appeal from an order entered April 24, 1986 granted, in accordance with the following memorandum: We deny plaintiff's application for leave to appeal to the Court of Appeals from the order of the court entered April 4, 1986. We also deny plaintiff's application for a stay of proceedings to enforce our order entered April 4, 1986. That order granted a declaratory judgment. It did not direct that plaintiff vacate the premises; hence, no stay of proceedings to enforce that order is necessary.

Plaintiff also applies for a stay, pending appeal, of proceedings to enforce the order of Justice Joslin entered April 24, 1986, which directs that plaintiff pay rent to defendant for occupancy since February 25, 1985, and which also directs the Sheriff to execute an order of ejectment. Plaintiff has demonstrated that his appeal from Justice Joslin's order may have merit, since our order declared that plaintiff had equitable title in the premises which could not be defeated until the rescission of the purchase contract. Plaintiff alleges that his down payment has not yet been returned as required by the terms of the contract before it is to be "deemed null and void". Thus, plaintiff is entitled to a stay of enforcement of the order of Justice Joslin entered April 24, 1986, pending appeal. CPLR 5519 (a) (3), (6) provide for an automatic stay pending appeal upon the filing of an undertaking in an amount to be fixed by the court of original instance. To give plaintiff sufficient time to apply to Justice Joslin to fix the amount of the undertaking and to obtain and file such undertaking, plaintiff is granted a stay of proceedings to enforce the order of Justice Joslin entered April 24, 1986, which stay shall terminate upon one of the following events, whichever occurs first:

(1) the expiration of 30 days from the date of the order hereby granted;

(2) the expiration of seven days after the return of the down payment to plaintiff;

(3) the expiration of seven days from the date of the fixing of an undertaking by Justice Joslin.

The stay granted herein shall stay all proceedings to enforce any part of the order entered April 24, 1986 and shall stay the Sheriff of Erie County from ejecting plaintiff from the premises at Grand Island. Present—Dillon, P. J., Denman, Boomer and Green, JJ. (Order entered May 16, 1986.)