OPINION OF THE COURT
Titone, J.
This appeal concerns the rights of the parties and the operation of the notice of pendency procedures prescribed by CPLR article 65 after an action seeking to "affect the title to, or the possession, use or enjoyment of, real property” has terminated in a final judgment or order dismissing the claimant’s complaint. Specifically, we are asked to decide whether a purchaser for value who has actual notice that the unsuccessful claimant has appealed may nonetheless take clear title to the property where the claimant’s previously filed notice of pendency was canceled pursuant to CPLR 6514 (a). After considering both the statutory language and the underlying policies, we hold that the purchaser’s actual knowledge of a pending appeal is not legally significant and that, in the absence of an outstanding valid notice of pendency, the owner’s ability to transfer clear title to the disputed property remains unimpaired.
The facts underlying this dispute are fully discussed in our prior opinion (Da Silva v Musso, 53 NY2d 543, 546-547). In brief, in 1978 defendants Musso and Partridge entered into an *439 agreement to sell plaintiff an apartment building located in Queens County. When they reneged on this agreement, plaintiff filed a notice of pendency pursuant to CPLR article 65 and commenced an action for, inter alia, specific performance. This action initially resulted in a judgment directing specific performance, but the Appellate Division subsequently reversed the judgment and dismissed the complaint, holding that specific performance was too drastic a remedy under the circumstances (76 AD2d 879). Plaintiff promptly appealed to the Court of Appeals, but did not obtain a CPLR 5519 stay. Consequently, on motion made under CPLR 6514 (a), his notice of pendency was canceled.
Shortly thereafter, Musso and Partridge contracted to sell the property to defendant Ross Howard Realty Corp., which, in turn, assigned the contract to defendant Uzi Realty Corp., the agent for defendant Sun Place Realty Corp. (Sun Place). It is undisputed that all concerned had actual knowledge of plaintiffs pending appeal. Nonetheless, the transaction was consummated and the property was conveyed to Sun Place on September 1, 1981, some nine days before plaintiffs appeal was scheduled to be argued. The argument went forward as scheduled and on October 20, 1981, this court handed down its decision reversing the Appellate Division order and reinstating the trial court judgment (53 NY2d 543, supra).
Plaintiff subsequently commenced the present action seeking, among other things, a declaration that the deed conveying the property to Sun Place was void in light of the Court of Appeals decision. In response, defendants argued that the cancellation of plaintiffs notice of pendency freed the property from further claims by plaintiff, enabling its owners to convey clear title. The trial court rejected defendants’ argument and granted plaintiff a declaration invalidating Sun Place’s deed. The Appellate Division upheld this result, reasoning that, notwithstanding the cancellation of the notice of pendency, Sun Place took title "subject to” the outcome of plaintiffs appeal because of its actual knowledge of that appeal. We now reach the contrary conclusion and reverse.
Under well-established common-law principles, a purchaser of real property is bound by the consequences of a lawsuit of which he has actual knowledge (see, e.g., Dingley v Bon, 130 NY 607; Patterson v Brown, 32 NY 81; Skeel v Spraker, 8 Paige Ch 182; 7A Weinstein-Korn-Miller, NY Civ Prac If 6501.12, at 65-31-65-32). Additionally, CPLR 6501 authorizes *440 a party who has commenced an action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property” to file a notice of pendency against the property and thereby bind a subsequent purchaser to the outcome of the action "to the same extent as if he were a party.”[1] Once the litigation has terminated in a final judgment dismissing the complaint, the status of the notice of pendency is governed by CPLR 6514 (a), which provides for its mandatory cancellation, "upon motion of any person aggrieved,” when either the time for appealing has expired or, notwithstanding the pendency of a timely taken appeal, the enforcement of the adverse judgment or order has not been stayed pursuant to CPLR 5519.
Our analysis begins with the principles governing the effect of final judgments and orders. It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties’ substantive rights, unless and until it is overturned on appeal. Furthermore, while an appeal from a final judgment or order may leave an inchoate shadow on the rights defined therein, those rights are nonetheless fully enforceable in the absence of a judicially issued stay pending disposition of the appeal (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C5519:l, at 184-185; see also, 5 W einstein-Kor n-Miller, op. cit, jf 5011.03, at 50-86-50-87 ["(t)he pendency of an appeal does not render an otherwise final judgment interlocutory”]). Since the ability to transfer clear title is a natural incident of ownership, it follows that when a complaint involving title to or the right to possess and enjoy real property has been dismissed on the merits and there is no outstanding notice of pendency or stay, the property owner has a right to transfer or otherwise dispose of the property unrestricted by the dismissed claim.
This principle is reflected in CPLR 5523, which furnishes the primary remedy for the successful appellant when an unstayed judgment or order that has been wholly or partially enforced during pendency of an appeal is subsequently re *441 versed or modified (see, Siegel, Practice Commentaries, op. cit, C5523:l, at 417). Under that provision, an appellate court "may order restitution of property or rights lost by [enforcement of a] judgment or order, except that where the title of a purchaser in good faith and for value would be affected, the court may order the value or the purchase price restored” (emphasis supplied). The italicized language clearly limits the court’s options to monetary relief in cases where the owner has exercised his rights under the unstayed judgments and transferred the property to a "good faith” purchaser for value. The provision’s effect is to insulate the title of a person who purchased after entry of final judgment from the effects of an appellate reversal, at least in the absence of an outstanding notice of pendency.
Plaintiff does not quarrel with these basic principles, but instead takes the position that a purchaser who has actual knowledge of a pending appeal affecting title to the property does not qualify as one acting with "good faith” within the meaning of CPLR 5523. The argument is belied, however, by the holding in Revelone, Inc. v Arlind Realty Corp. (274 App Div 656, affd 299 NY 667), in which sections 586[2] and 587[3] of the Civil Practice Act, the predecessors to CPLR 5223 and 6514 (a), were construed. In that case, the court held in circumstances analogous to these that a purchaser with actual knowledge of a claimant’s pending appeal nonetheless acquired clear title where the conveyance occurred at a time when there was no outstanding notice of pendency. Although, as the courts below noted, the statutory language relied on in Revelone was altered when the CPLR was adopted, no sub *442 stantive change in the principle established in Revelone was intended or wrought. To the contrary, the Advisory Committee Report to the Legislature specifically cited the Revelone decision and stated with respect to CPLR 5523 that "Although the wording of section 587 is shortened, no other change is intended” and that "[t]he words 'purchaser in good faith and for value’ have been retained verbatim in order to leave unaltered existing case law interpreting them” (Second Preliminary Report of NY Advisory Comm on Practice and Procedure, 1958 NY Legis Doc No. 13, at 342 [emphasis supplied]). Thus, the conclusion is inescapable that, under both the former and the present statutory provisions, the "good faith” of a purchaser who has acquired the property for value during the pendency of a claimant’s appeal is not vitiated by the purchaser’s actual knowledge of the appeal.
Notably, this conclusion comports with sound policy, as well as with the language of the applicable statutes. It is true, as the Appellate Division suggested, that the primary purpose of the notice of pendency procedure set forth in CPLR article 65 is to furnish a substitute for actual notice of pending litigation. However, the specific statutorily prescribed mechanisms for implementing this provisional remedy — as well as the provisions for staying enforcement of judgments and orders pending appeal — were designed with a view toward balancing the interests of the claimant in the preservation of the status quo against the equally legitimate interests of the property owner in the marketability of his title. The latter interest should not lightly be cast aside, since the claim on which the notice of pendency is based need not necessarily be a meritorious one (see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C6501:2, at 439) and the existence of an outstanding notice of pendency unquestionably impairs the owner’s ability to sell the property for its full market value.
Thus, CPLR 6501 permits a plaintiff who has commenced an action potentially affecting title to or the use and enjoyment of real property to file a notice of pendency, and thereby impair its marketability, as a matter of right; but CPLR 6515 gives the court the discretionary power, in certain defined instances, to order the plaintiff to give an undertaking to secure the defendant against "the damages that he may incur” by virtue of the outstanding notice of pendency. CPLR 6514 (a) serves an analogous function for postjudgment litigation. The statute authorizes the continuance of the notice of *443 pendency even though the plaintiff’s claim has initially been rejected; but it conditions the plaintiff’s right to impair the marketability of the property during the pendency of an appeal upon the issuance of a discretionary CPLR 5519 (c) stay.[4] Thus, both before and after judgment, there exists statutory provision for judicial oversight to protect the property owner’s legitimate interests.
To adopt the position plaintiff advocates would be to sanction the circumvention of these protective procedures. If, as plaintiff argues, a purchaser’s actual notice of a pending appeal constitutes a lack of "good faith” within the meaning of CPLR 5523, there would be no need for an unsuccessful claimant to take the necessary steps to preserve his notice of pendency by obtaining a stay of the adverse judgment during the pendency of his appeal. Instead, the same result could be achieved by simply ascertaining the identity of potential purchasers and notifying them that an appeal was pending. In this manner, despite having lost on the merits in the court below, the appealing claimant could interfere with the marketability of the defendant owner’s property without experi *444 encing the inconvenience and practical difficulties of having to obtain a judicial stay and, quite possibly, having to give an undertaking to secure the owner against loss. Neither the relevant statutes nor the common-law rules governing the parties’ póstjudgment rights may be invoked to require such an unjust conclusion.
In summary, once a final judgment or order dismissing the plaintiffs complaint has been entered, the plaintiff has no further right to restrain the free transfer of the property that was the subject of the complaint unless he has followed the statutorily prescribed procedures for continuing the previously filed notice of pendency. In cases where a postjudgment motion to cancel the notice of pendency has been made, the plaintiff must satisfy the conditions of CPLR 6514 (a) by showing either that the time for appealing has not yet expired or that an order staying the judgment’s enforcement has been issued under CPLR 5519. If neither of these conditions is met and the notice of pendency is canceled, as the statute mandates, the plaintiff can claim no further interest in the property itself and cannot acquire any such interest by virtue of the purchaser’s actual knowledge of the pending appeal. Such a plaintiff must content itself with the remedies afforded by CPLR 5523, i.e., restoration of the value or purchase price already paid, in the event of an appellate reversal.
Here, although plaintiff took a timely appeal from the adverse Appellate Division order, he neglected to obtain a CPLR 5519 stay pending appeal. As a result, his notice of pendency was properly canceled and his right to claim a direct interest in the property that was the subject of the appeal was lost. Consequently, he cannot now complain because this court’s order restoring the trial court’s judgment for specific performance can no longer be enforced and he is relegated to other remedies that are less satisfactory to him.[5]
Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted in favor of defendant declaring that (1) the deed transferring ownership of the subject real property to defendant Sun Place Realty Corp. is *445 valid and (2) plaintiff has no claim to the ownership, possession or use of the property.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
Order reversed, with costs, and judgment granted declaring in favor of defendant-appellant.

. This filing procedure was adopted to mitigate the harshness of the former common-law rule, which bound the purchaser to the outcome of litigation pending at the time of the purchase, regardless of whether the purchaser had actual knowledge of, or even the practical means to discover, the existence of the pending action (see, Murray v Ballou, 1 Johns Ch 566, 576; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C6501:l, at 438; see also, 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 318-319).

. Section 586 of the former Civil Practice Act provided that when a judgment dismissing a complaint seeking specific performance of a contract to convey real property has been dismissed, the defendant owner "shall have the same right to sell [the property] as though no appeal had been taken, unless the appellant shall file * * * a written undertaking in a sum fixed by the court * * * to the effect that the appellant, in case the judgment appealed from shall be affirmed, will pay to such owner such damages as he may suffer by reason of such appeal * * *. Such undertaking may be filed at any time during the appeal, but any sale of such real estate * * * in good faith and for a valuable consideration, after said judgment and before the filing of such undertaking, shall be as valid as if such undertaking had not been filed.”

. Section 587 provided generally that an appellate court could order "restitution of property, or of a right, lost by means of [an] erroneous judgment or order * * * but not so as to affect the title of a purchaser in good faith and for value. When property has been sold, the court may compel the value or the purchase price to be restored”. (Emphasis added.)

. Section 586 of the former Civil Practice Act (see, n 3, supra) had a similar effect, in that it required the unsuccessful claimant to take some further action in order to preserve his notice of pendency until final resolution of the appeal. The practical operation of this statute, however, was somewhat different from its modern counterparts, CPLR 6514 (a) and 5519 (c). Under section 586, the plaintiff had a right to the continuance of the notice of pendency, presumably without regard to the appeal’s merit, as long as he posted the judicially mandated bond. Concomitantly, the giving of an undertaking in some amount was an absolute, statutorily mandated condition precedent to the continuance of the notice of pendency. The present statutes contemplate a more flexible approach. Rather than specifically requiring an undertaking, CPLR 6514 (a) merely requires that the appellant obtain a CPLR 5519 stay. Since the appellant in these cases will ordinarily not be able to rely on any of the grounds for “automatic” stays set forth in CPLR 5519 (a), he is relegated to seeking a discretionary stay under CPLR 5519 (c) (but see, Marat Corp. v Abrams, 41 Misc 2d 965 [erroneously relying on an extrastatutory procedure based upon CPLR 5519 (a) (2)]). Under that provision, there is no entitlement to a stay and, indeed, the court considering the stay application may consider the merits of the appeal (see, Wilkinson v Sukiennik, 120 AD2d 989; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C5519:4, at 188). Further, although the court may order that an undertaking be filed to secure the respondent against damages in the event of an affirmance (see, Lancaster v Kindor, 64 NY2d 1013; Kager v Brenneman, 52 App Div 446, affd 165 NY 674), it need not do so. Nonetheless, the property owner’s rights are adequately protected, since the court entertaining the application is duty-bound to consider the relative hardships that would result from granting (or denying) a stay (see, Siegel, Practice Commentaries, op. cit., C5519:4, at 188).

. We reject plaintiffs alternative argument that defendants Musso and Partridge had no power to convey the property to Sun Place because they had previously filed an executed deed with the Queens County Clerk as security for a proposed stay pending their own appeal to the Appellate Division. Since the deed was never accepted by the court as adequate and proper security, it cannot be deemed binding on defendants under the facts of this case.