OPINION OF THE COURT
Howard Miller, J.
In an action for divorce between plaintiff and defendant, on August 23, 1989 an order was entered in this court granting plaintiff a divorce and directing other relief relating to child *73 support, custody and equitable distribution, followed by a judgment of divorce incorporating such provisions on September 22, 1989. As part of the equitable distribution, property jointly owned by the parties in Fairfax, Virginia, was ordered sold (hereinafter the property).
Defendant appealed the order and judgment but did not obtain a judicial stay pending disposition of the appeal. Thus the property was thereafter sold to a third party pursuant to the order and judgment and the proceeds placed in escrow with plaintiffs attorney. The amount currently on deposit on December 17, 1991 was $30,379.44 (hereinafter the escrowed funds).
On December 4, 1989, subsequent to the sale of the property, the Appellate Division, Second Department, reversed that portion of the August 23, 1989 order and September 22, 1989 judgment as, inter alla, granted plaintiff a divorce and deleted the provisions relating to equitable distribution (156 AD2d 348).
Plaintiff commenced this action to determine title to the escrowed funds. Plaintiff is seeking $28,584.38 of the funds based upon plaintiffs allegations that defendant "converted for his own use” other marital funds from a joint checking account and other items which resulted in an inequitable division of the marital assets. Defendant claims that the plaintiff dissipated marital funds and requests that he be given the moneys in escrow. Defendant also urges that the parties be returned to the status quo existing prior to the entry of the judgment of divorce.
A final judgment or order is a valid and conclusive adjudication of the parties’ substantive rights until overturned on appeal and is fully enforceable in the absence of a judicial stay (Da Silva v Musso, 76 NY2d 436). Upon reversal, restitution of property or rights lost by the judgment or order may be directed by the appellate court (CPLR 5523) or the lower court (CPLR 5015 [d]). However, where the title of a purchaser in good faith and for value would be affected, the court may order the value or the purchase price restored or deposited in court (CPLR 5523).
Plaintiff and defendant were under a duty to make the conveyance of the property in Virginia in accordance with the September 22, 1989 judgment of this court, since the defendant had not obtained a judicial stay of that judgment. There is no dispute that the property was conveyed to a bona fide *74 purchaser for value and there is no testimony that the property was burdened by a notice of pendency. Nor has the court been apprised of any action commenced by defendant against the purchaser to rescind the sale. Thus the court cannot, as defendant urges, restore the parties to the status quo; the court’s only option in this case is to adjudicate monetary relief (see, Da Silva v Musso, supra).
Likewise, each of the parties’ request that he or she receive a substantial portion of the escrowed funds by virtue of the other’s having appropriated other marital funds is outside the scope of the court’s authority. As the Appellate Division pointed out in its December 4, 1989 order, equitable distribution is available only in the context of a termination of the marital relationship. Plaintiff and defendant, by seeking to obtain a larger portion of the escrowed funds, are essentially asking this court to make an equitable distribution of the marital property, which the court cannot do.
In determining the disposition of the escrowed funds, it is the court’s intention to restore the parties as nearly as possible to their status prior to the August 23, 1989 order. The escrowed funds stand in the place of the real property. Prior to August 23, 1989, plaintiff and defendant each owned an undivided interest in the real property. Neither party could make any disposition of the property without the cooperation and consent of the other party; the deed conveying the property had to be signed by both parties; and both parties were entitled to receive an undivided portion of the proceeds of any sale of the property. Therefore, after a full trial on the issues, the court holds that plaintiff and defendant each possess an undivided interest in the escrowed funds. The attorney for the plaintiff shall deliver the escrowed funds to the Goshen Savings Bank, One Church Street, Goshen, New York, together with a certified copy of this order with notice of entry, with instructions to the Goshen Savings Bank to:
(1) deposit the funds in an interest-bearing joint account in the name of plaintiff and defendant; and
(2) refrain from disbursing such funds and any additions or accruals thereto to either plaintiff or defendant without the written consent, receipt or acquittance of both parties, pursuant to section 675 of the Banking Law, or in accordance with a further order of this court.
Plaintiff and defendant shall each provide the Goshen Savings Bank with appropriate signature cards and any other information or documents required by the bank to open the account.
*75 In the event the Goshen Savings Bank declines to accept the escrowed funds for any reason, or the parties fail to deliver the appropriate signature cards or any other required documentation to the bank, then plaintiff’s attorney shall deposit the funds into court, to be released only upon the joint application and approval of plaintiff and defendant. Any application for the release of the funds must be limited to the sole issue of whether both parties consent to the release.