OPINION OF THE COURT
Lee L. Holzman, J.
The issue presented with regard to the application to file or *776 renew notices of pendency for the realty at issue is whether CPLR 6513 permits the movants to file or renew notices of pendency where they had allowed previously filed notices of pendency to expire without seeking to extend the period prior to the expiration date. CPLR 6513 provides as follows with regard to the duration of a notice of pendency: “A notice of pendency shall be effective for a period of three years from the date of filing. Before expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period. An extension order shall be filed, recorded and indexed before expiration of the prior period.”
Here, it is conceded that more than three years have elapsed since the court extended the notices of pendency with regard to any of the properties in which the movants claim an interest. The additional parties, relying primarily upon Da Silva v Musso (76 NY2d 436), and a literal reading of CPLR 6513, contend that, since the three-year period has elapsed without the entry of an order extending the period, the movants are barred from ever again recording a notice of pendency on these properties. They argue that this would be the case even if the movants had been only one day late in making such an application.
The Court of Appeals in Da Silva v Musso (supra) did not pass upon whether a notice of pendency may be filed and given only prospective effect after a prior filed notice of pendency had been permitted to expire. Instead, the Court held that, where the lower court had entered both a judgment in favor of the defendants and an order canceling the notice of pendency pursuant to CPLR 6514 (a) on the grounds that a final judgment had been entered in favor of the defendants, the plaintiff, in the absence of having obtained a stay of the judgment pursuant to CPLR 5519, could not rely upon the canceled notice of pendency to attack the title that had been acquired by the purchaser while the appeal was pending. Thus, it was not relevant either that the purchaser was aware that an appeal was pending or that the plaintiff ultimately prevailed on the appeal.
It is significant that CPLR 6513 provides that not only the application for an extension but also that the filing, recording and indexing of the order granting the application should occur before the expiration of the three-year period. The obvious reason for this requirement is that the plaintiff’s penalty for failing to strictly follow the statutory period is that no order *777 extending the period may be given nunc pro tune effect to cover any period that elapsed between the expiration of the prior order and the filing, recording and indexing of the new order. Consequently, the plaintiff is left without a remedy in the event that the property is purchased for value during any period for which there is no valid notice of pendency filed (see, Da Silva v Musso, supra; Robbins v Goldstein, 32 AD2d 1047; Carvel-Dari Freeze Stores v Lukon, 219 NYS2d 716).
Neither any of the cases cited above nor any logical or practical reason has been presented which would preclude the court, upon a motion made by the plaintiff one day after the original notice of pendency expired or thereafter, from entering a new order permitting the filing of a notice of pendency valid prospectively for a period of three years from the date that the new order is entered, recorded and indexed. Since the newly filed, recorded and indexed notice of pendency is to be given only prospective effect, any party who acquired title during the period that elapsed between the expiration of the prior notice of pendency and the filing, recording and indexing of the new notice of pendency is fully protected. Furthermore, the fact that the plaintiff has made such an application after the expiration of the prior order does not in any way violate the statutory scheme or limit the protection afforded to the property owner inasmuch as the defendant may still oppose the application for the filing of a new notice of pendency on any of the grounds enumerated in CPLR 6514. Thus, the court holds that the movants’ failure to obtain an extension of the notices of pendency as provided by CPLR 6513 precludes them from obtaining an “extension” which would have afforded the mov-ants continuous protection from the date of the original filing to the expiration date of the new order but that, if the other parties to the proceeding cannot establish any of the grounds set forth in CPLR 6514, the movants may file new notices of pendency which protect them prospectively from the date that the new order is filed, recorded, and indexed.
Here, the respondent and the additional parties have failed to show that the entry of an order permitting the filing of new notices of pendency, which are to be accorded only prospective effect, is unduly prejudicial to their interests. Although this proceeding has been pending in this court longer than any other proceeding, the delay, to a substantial extent, lies at the feet of the respondent who, in many instances, has failed to account in any meaningful detail except as a remedy of last resort. Moreover, the respondent and the additional parties are *778 not correct in their contention that the movants must show a likelihood of success in order to be permitted to file notices of pendency with regard to the additional properties (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 320). Accordingly, the application to file notices of pendency, which are to be accorded only prospective effect, is granted except with regard to premises 1770-1772 172nd Street, Bronx, New York (Domel Realty Corp. property).