■ MARCUS DAIRY, INC., Respondent, v JACENE REALTY CORP., et al., Defendants, and COLUMBIA EQUITIES, LTD., Appellant. [751 NYS2d 237] —In an action, inter alia, to foreclose a mortgage, the defendant Columbia Equities, Ltd., appeals from (1) a decision of the Supreme Court, Westchester County (Scarpino, J.), entered December 11, 2000, and (2) a judgment of the same court, entered January 8, 2001, which, after a nonjury trial and upon the decision, inter alia, declared that the plaintiff's mortgage has priority over its mortgage.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see *Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 1988 the defendant Jacene Realty Corp. (hereinafter Jacene) gave a mortgage on property located in Mount Vernon to the plaintiff to secure a guarantee of certain indebtedness. The mortgage was recorded on June 10, 1988. The plaintiff subsequently commenced an action, inter alia, to foreclose the mortgage. By judgment dated December 16, 1993, the Supreme Court dismissed the complaint, vacated the previously-filed notice of pendency, and directed that the plaintiff's mortgage be cancelled and discharged of record. The judgment was entered

in the Westchester County Clerk's office and the notice of pendency was cancelled. The judgment, however, was never recorded with the Division of Land Records and, consequently, the mortgage was never cancelled or discharged of record. The plaintiff appealed from the judgment, and since the provisions for an automatic stay were not applicable (*see* CPLR 5519 [a]), moved for a court-ordered stay of enforcement pending appeal (*see* CPLR 5519 [c]), but this Court denied the motion.

Jacene ultimately conveyed the property to the defendant Melissa Thomas, who obtained a mortgage from the appellant. The appellant's title insurance company discovered the plaintiff's mortgage as an open item in the Division of Land Records, but nonetheless insured title without excepting the mortgage based on the Supreme Court's judgment directing that the mortgage be discharged, this Court's denial of a stay pending appeal, and the decision of the Court of Appeals in *Da Silva v Musso* (76 NY2d 436) interpreting CPLR 5523. The appellant's mortgage was recorded in November 1995.

In March 1996, this Court reversed the judgment of the Supreme Court in the plaintiff's foreclosure action (*see Marcus Dairy v Jacene Realty Corp.*, 225 AD2d 528). The plaintiff then commenced this action, asserting that its mortgage had priority over the appellant's mortgage, which by then was in default.

After a nonjury trial, the Supreme Court concluded that the transfer of the property from Jacene to Thomas lacked consideration and that Thomas made material misrepresentations in her mortgage application. The Supreme Court further found that the appellant knew or should have known of the fraudulent transfer of the property and Thomas's misrepresentations and was therefore not entitled to the protection afforded by CPLR 5523 and *Da Silva v Musso* (*supra*) to a good faith purchaser for value. In its judgment, the Supreme Court declared that the plaintiff's mortgage has priority because it was first in time and not discharged of record, and the appellant was not a good faith purchaser. We affirm, but for reasons somewhat different than those stated by the Supreme Court.

CPLR 5523 provides, in relevant part: "A court reversing or modifying a final judgment or order * * * may order restitution of property or rights lost by the judgment or order, except that where the title of a purchaser in good faith and for value would be affected, the court may order the value or the purchase price restored * * *."

In *Da Silva v Musso* (*supra*), the Court of Appeals concluded that under CPLR 5523, the good faith of a purchaser who acquires property for value during the pendency of an appeal

"is not vitiated by the purchaser's actual knowledge of the appeal" (id. at 442). The plaintiff in Da Silva sought specific performance of a contract for the sale of real property. His complaint was dismissed and, although he appealed, he neglected to obtain a stay pending appeal and his notice of pendency was cancelled. During the pendency of the appeal, the property was sold to an entity which had actual knowledge of the appeal. The dismissal of the complaint was reversed, but the Court of Appeals held that, in accordance with CPLR 5523, the plaintiff was relegated to monetary relief—restoration of the purchase price already paid.

We conclude that Da Silva is not applicable to the particular circumstances of this case. The issue here is the relative priority of two mortgages. In Da Silva, the Court of Appeals contemplated the availability of an alternative remedy for the ultimately successful appellant. Here, the plaintiff would have no effective remedy if it were to lose its priority as the mortgagee whose mortgage was first recorded. The appellant, on the other hand, has a remedy against its title insurance company, which insured title without excepting the plaintiff's mortgage. Further, the plaintiff did not fail to seek a stay (compare Aubrey Equities v Goldberg, 247 AD2d 253; Matter of Vetri, 208 AD2d 755), but rather, its application was denied. Consequently, the plaintiff is entitled to restoration of the rights lost by the judgment, which judgment was ultimately reversed (see CPLR 5523).

In light of the foregoing, it is unnecessary to address the appellant's remaining contentions. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.