■ FERNELLA GEORGE et al., Appellants, v GRAND BAY ASSOCIATES ENTERPRISE INCORPORATED et al., Defendants, and MARCO MENDEZ et al., Intervenors-Respondents. [846 NYS2d 136]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered on or about May 4, 2006, which, insofar as appealed from as limited by the briefs, granted intervenors' motion to intervene pursuant to CPLR 1012 (a) (3) and to dismiss the complaint pursuant to CPLR 3211 (a) (1) and CPLR 5523, and granted the cross motion of defendant Grand Bay Associates Enterprise Incorporated (Grand Bay) to the extent that plaintiffs were directed to pay $2,263 per month from April 2004 through such time as plaintiffs remain in possession of the subject property to be divided on a pro rata basis between Grand Bay and intervenors, unanimously affirmed, without costs.

The motion to intervene was properly granted in this action where plaintiffs seek cancellation and reformation of a deed to property purchased by intervenors. As purchasers of the subject property, intervenors had a real and substantial interest in the outcome of the litigation warranting their intervention (see CPLR 1012 [a] [3]; *Greenpoint Sav. Bank v McMann Enters.*, 214 AD2d 647, 648 [1995]). Additionally, the court properly dismissed the complaint for failure to state a cause of action since the action was barred by CPLR 5523. The record evidence establishes that intervenors were good faith purchasers of the subject property and entitled to the protections afforded by CPLR 5523. Intervenors paid valuable consideration for the property and justifiably relied on an order cancelling plaintiffs' notice of pendency, even though it had been entered on default (*Da Silva v Musso*, 76 NY2d 436 [1990]; *Aubrey Equities v Goldberg*, 247 AD2d 253 [1998], *lv denied* 92 NY2d 802 [1998]). Although plaintiffs successfully moved to vacate the default, intervenors had purchased the property prior to that time. However, the dismissal of the complaint was without prejudice to plaintiffs commencing an appropriate action against the initially named defendants for money damages (*Da Silva v Musso*, 76 NY2d at 444; CPLR 5523).

Directing plaintiffs to pay Grand Bay and intervenors $2,263 per month from April 2004 through such time as plaintiffs remained in possession of the property was appropriate and in accordance with a prior court order with which plaintiffs did not comply. The amount represented the mortgage payments for the property and was to be divided on a pro rata basis between Grand Bay and intervenors.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.