Santopietro v Harrison (2019 NY Slip Op 01630)





Santopietro v Harrison


2019 NY Slip Op 01630


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-13036
 (Index No. 507472/14)

[*1]Matilda Santopietro, et al., appellants, 
v
Rita Harrison, respondent.


Rubin & Rubin, P.C., South Salem, NY (Margarita Rubin of counsel), for appellants.
Capell Barnett Matalon & Schoenfeld LLP, New York, NY (Peter Sanders of counsel), for respondent.
In an action to impose a constructive trust upon certain real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated December 8, 2016. The order, insofar as appealed from, in effect, granted that branch of the defendant's cross motion which was to cancel a notice of pendency filed against the subject property.



DECISION & ORDER
Motion by the defendant to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion dated June 1, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal is dismissed, with costs.
The plaintiff Matilda Santopietro (hereinafter Matilda) is the mother of the plaintiff Nancy Santopietro (hereinafter Nancy), the plaintiff Cathy Santopietro (hereinafter Cathy), and the defendant. Matilda owned a three-family home in Brooklyn (hereinafter the property), and she resided in the first-floor apartment. By deed dated February 4, 2004, Matilda transferred title to the property to the defendant, subject to a life estate retained by Matilda.
In 2014, the plaintiffs commenced this action to impose a constructive trust upon the property in favor of Nancy and Cathy, alleging that Matilda transferred title to the property to the defendant upon the agreement that the defendant would hold the property in trust for herself and her sisters. The complaint further alleged that the transfer of title solely to the defendant was done to allow a mortgage on the property to be refinanced, since the defendant had the best credit rating among the three sisters and would be approved by the banking institution which held the mortgage. The plaintiffs alleged that it was expected that the transfer of title to only the defendant would be temporary, and that title would be transferred to all three sisters in equal shares once the refinance [*2]was completed.
During the course of the litigation, the plaintiffs filed a notice of pendency against the property, and the Supreme Court denied a motion by the plaintiffs to enjoin the defendant from selling the property. Thereafter, the defendant entered into a contract with a third party for the sale of the property, subject to Matilda's life estate. The plaintiffs then moved to direct the defendant to deposit with the court the proceeds from the sale of the property. The defendant opposed the motion and cross-moved, inter alia, to cancel the notice of pendency.
In an order dated December 8, 2016, the Supreme Court granted the plaintiffs' motion to the extent of directing the defendant to deposit with the court two-thirds of the proceeds from the sale of the property, less closing costs and the amount needed to satisfy the outstanding mortgage. The court also, in effect, granted that branch of the defendant's cross motion which was to cancel the notice of pendency. The plaintiffs appeal from so much of the order as, in effect, granted that branch of the defendant's cross motion which was to cancel the notice of pendency.
After the Supreme Court issued the order appealed from, the property was sold to the third party, subject to Matilda's life estate. Subsequently, the defendant moved to dismiss the appeal on the ground that it has been rendered academic.
CPLR 6501 provides, in part, that "[a] notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." CPLR article 65 was "designed with a view toward balancing the interests of the claimant in the preservation of the status quo against the equally legitimate interests of the property owner in the marketability of his [or her] title" (Da Silva v Musso , 76 NY2d 436, 442; see Matter of Sakow , 97 NY2d 436, 441).
Due to the fact that the property has since been sold, the plaintiffs' appeal from so much of the order as, in effect, granted that branch of the defendant's cross motion which was to cancel the notice of pendency has been rendered academic, because the defendant no longer has title to the property (cf. CPLR 6501; see e.g. Da Silva v Musso , 76 NY2d at 444).
Accordingly, the appeal from so much of the order as, in effect, granted that branch of the defendant's cross motion which was to cancel the notice of pendency must be dismissed, as this issue has been rendered academic.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court