Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC (2020 NY Slip Op 07371)





Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC


2020 NY Slip Op 07371


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-00129
 (Index No. 503441/12)

[*1]Metropolitan Lofts of NY, LLC, plaintiff-respondent,
v
Metroeb Realty 1, LLC, defendant-respondent, RedSky Capital, LLC, appellant.


Loeb & Loeb LLP, New York, NY (Wook Hwang of counsel), for appellant.
Kravet & Vogel, LLP (Donald J. Kravet and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant RedSky Capital, LLC, appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated December 12, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to amend the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for leave to amend the complaint is denied.
On October 22, 2012, the plaintiff commenced this action against the defendant Metroeb Realty 1, LLC (hereinafter Metroeb), to recover damages for breach of contract, for specific performance of a contract for the sale of real property, and for declaratory relief. The plaintiff alleged that on May 4, 2012, the parties entered into a contract in which Metroeb agreed to sell the subject property to the plaintiff for the sum of $30 million, but that Metroeb thereafter entered into a contract to sell the property to a different purchaser. Metroeb counterclaimed for a declaration that the purported contract was not valid and enforceable. RedSky Capital, LLC (hereinafter RedSky), which entered into the subsequent contract to purchase the property, intervened in the action as a defendant, asserting, inter alia, a counterclaim against the plaintiff for a declaration that the plaintiff's purported contract with Metroeb is not valid and enforceable. The action proceeded to a nonjury trial.
In a decision after trial dated May 6, 2014, the Supreme Court determined that the plaintiff and Metroeb had not come to a meeting of the minds on May 4, 2012. Accordingly, by judgment dated June 6, 2014, the Supreme Court, inter alia, dismissed the complaint and declared that the May 4, 2012 contract between the plaintiff and Metroeb was not valid and enforceable. Further, the judgment directed that Metroeb shall convey the property to RedSky within 90 days. The plaintiff appealed from these portions of the judgment. Its motion for a stay pending determination of the appeal was denied. By decision and order dated April 4, 2018, this Court reversed the judgment insofar as appealed from, and reinstated the complaint (see Metropolitan Lofts of NY, LLC v Metroeb Realty I, LLC, 160 AD3d 632). Additionally, this Court remitted the matter to the Supreme Court, Kings County, for "further proceedings" to determine "what remedy is available to the plaintiff" and, thereafter, for the entry of an amended judgment, inter alia, declaring [*2]that the contract executed on May 4, 2012, between the plaintiff and Metroeb, for the sale of the subject real property was valid and enforceable (id. at 633).
Significantly, before this Court issued its decision and order on the prior appeal, Metroeb sold the property to RedSky. Thereafter, the plaintiff moved, inter alia, for leave to amend the complaint to assert new causes of action, including one designated as the second cause of action, against RedSky and RedSky JZ Roebling, LLC, to restore the deed to Metroeb and thereupon to direct Metroeb to transfer the property to the plaintiff. The Supreme Court granted that branch of the plaintiff's motion. RedSky appeals.
In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see Healey v Ean Holdings, LLC, 180 AD3d 1017, 1018; Rodgers v New York City Tr. Auth., 109 AD3d 535, 536; Delahaye v Saint Anns School, 40 AD3d 679, 685; see also CPLR 3025[b]). Here, the proposed causes of action the plaintiff sought to add were palpably insufficient and patently devoid of merit since RedSky was a good faith purchaser of the property and entitled to the protections afforded by CPLR 5523 (see George v Grand Bay Assoc. Enter. Inc., 45 AD3d 451, 452). RedSky paid valuable consideration for the property and justifiably relied on the judgment of the Supreme Court declaring that the May 4, 2012 contract between the plaintiff and Metroeb was not valid and enforceable and directing that Metroeb convey the property to RedSky within 90 days (see Da Silva v Musso, 76 NY2d 436). Notwithstanding this Court's decision and order on the prior appeal, the plaintiff cannot now avail itself of the remedy of specific performance and must content itself with other potential remedies.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to amend the complaint.
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court