Wells Fargo Bank, N.A. v Yesmin (2025 NY Slip Op 02961)

Wells Fargo Bank, N.A. v Yesmin

2025 NY Slip Op 02961

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-03898
 (Index No. 716622/21)

[*1]Wells Fargo Bank, N.A., plaintiff,
v
Hasina Yesmin, respondent, et al., defendants; Aliobaba, LLC, nonparty-appellant.

The Law Office of Keith S. Garret, P.C., Babylon, NY, for nonparty-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Aliobaba, LLC, appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 15, 2022. The order denied the motion of nonparty Aliobaba, LLC, for leave to intervene in the action and to consolidate this action with an action entitled Yesmin v Aliobaba, LLC, pending in the same court under Index No. 721916/20.
ORDERED that the order is affirmed, without costs or disbursements.
A judgment of foreclosure and sale was entered in this action (hereinafter the foreclosure action) on February 21, 2017. The defendant Hasina Yesmin appealed from the judgment of foreclosure and sale but did not obtain a stay of enforcement pursuant to CPLR 5519. Nonparty Aliobaba, LLC (hereinafter Aliobaba), purchased the subject property upon the foreclosure sale and took title by a referee's deed dated November 16, 2017. In a decision and order dated September 30, 2020, this Court reversed the judgment of foreclosure and sale (see Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761). Thereafter, Yesmin commenced an action entitled Yesmin v Aliobaba, LLC in the Supreme Court under Index No. 721916/20, seeking, among other things, to cancel and discharge of record the referee's deed (hereinafter the quiet title action). Aliobaba moved for leave to intervene in the foreclosure action and to consolidate it with the quiet title action. In an order entered March 30, 2022, in the quiet title action, the court granted Yesmin's motion for summary judgment on the cause of action to cancel and discharge of record the referee's deed and denied Aliobaba's cross-motion, inter alia, for summary judgment dismissing the complaint. In an order entered April 15, 2022, in the foreclosure action, the court denied Aliobaba's motion to intervene in the foreclosure action and to consolidate the foreclosure action with the quiet title action. Aliobaba appeals from the order entered April 15, 2022.
In light of our determination in the related appeal from the order entered March 30, 2022, granting that branch of Aliobaba's cross-motion which was for summary judgment dismissing the complaint in the quiet title action (see Yesmin v Aliobaba, LLC, ____ AD3d ____, [decided herewith]), that branch of Aliobaba's motion which was to consolidate the foreclosure action with the quiet title action has been rendered academic.
Further, in light of our determination on the related appeal that Aliobaba's title is insulated from the effects of the appellate reversal of the judgment of foreclosure and sale (see Da [*2]Silva v Musso, 76 NY2d 436, 441), Aliobaba cannot be adversely affected by a judgment in the foreclosure action so as to warrant intervention as of right (see CPLR 1012[a][3]). Nor is intervention warranted as a matter of discretion (see id. § 1013).
Accordingly, we affirm the order denying Aliobaba's motion to intervene in the foreclosure action and to consolidate the foreclosure action with the quiet title action.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court