■ JOSEPH KOHM et al., Respondents, v NOSTRAND X REALTY ASSOCIATES et al., Defendants, and B. P. C. MANAGEMENT CORP., Appellant. [733 NYS2d 402] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered March 24, 2000, which denied the motion of defendant B. P. C. Management Corp. to vacate the court's prior order striking its answer, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion granted, the prior order vacated, and the answer reinstated.

In this action, the answer of defendant B. P. C. Management Corp. (BPC) was stricken after it failed to comply with court-ordered discovery. Seeking to vacate its default, BPC asserted that, due to confusion concerning the ownership of the property where this accident occurred, as well as coverage issues, the various attorneys that had previously been responsible for handling its defense failed to protect its interests in the litigation. As to the merits of its defense, it pointed out that it was retained to collect rents, and to pay operating expenses, insurance, and taxes. It was not, however, responsible for cleaning or maintaining the area of these commercial premises where the accident took place, a responsibility that was placed upon the tenants. We conclude that the motion should have been granted.

Defendant's submissions adequately demonstrated an excusable basis for its default (*see,* CPLR 2005; *Navarro v A. Trenkman Estate, Inc.,* 279 AD2d 257, 258; *Mediavilla v Gurman,* 272 AD2d 146, 148) as well as a meritorious defense to plaintiffs' claim. While the motion to vacate the court's order was made more than one year after its entry (*see,* CPLR 5015 [a] [1]), a court has the inherent power to relieve a party from a default even after the expiration of one year (*see, Pricher v City of New York,* 251 AD2d 242). Under the circumstances presented, Supreme Court should have exercised its inherent power and vacated the default. Concur—Andrias, J. P., Wallach, Lerner, Saxe and Friedman, JJ.