■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v DRAMANE BROWN et al., Defendants, and LISA BROWN, Appellant. [18 NYS3d 559]—In an action to foreclose a mortgage, the defendant Lisa Brown appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated October 10, 2013, which denied her motion, inter alia, to vacate a judgment of foreclosure and sale of the same court, dated July 21, 2011, entered upon her default.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's sole contention on appeal is that the judgment of foreclosure and sale failed to comply with the conditions of RPAPL 1331, which requires a notice of pendency to be filed at least 20 days before the final judgment of foreclosure and sale is entered.

Even assuming, without deciding, that the judgment of foreclosure and sale does in fact violate RPAPL 1331, this would mean that the plaintiff failed to establish an element of its cause of action (*see Slutsky v Blooming Grove Inn*, 147 AD2d 208, 212-213 [1989]), but the defect would neither deprive the court of its subject matter jurisdiction within the meaning of CPLR 5015 (a) (4) (*cf. Pritchard v Curtis*, 101 AD3d 1502, 1504 [2012]), nor preclude the plaintiff from simply filing a new notice of pendency (*see* CPLR 6516) and applying for a new default judgment after 20 days, in compliance with RPAPL 1331 (*see Pacific Lime v Lowenberg Corp.*, 77 AD2d 737, 738-739 [1980]). Moreover, under the circumstances presented, the alleged violation of RPAPL 1331 is not a ground for vacatur in the interest of justice.

The plaintiff's remaining contention is without merit. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.