In an action for a judgment declaring that the defendants do not hold title to certain real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Weiss, J.), entered March 18, 2016, which, inter alia, granted the defendants’ motion, in effect, for summary judgment and a declaration in their favor on the complaint and declared that the defendants have title to the subject real property.
 

 Ordered that the order and judgment is affirmed, with costs.
 

 The subject real property, located in Ozone Park (hereinafter the property), was sold to the defendants for the sum of $606,000, pursuant to a judgment of foreclosure and sale dated May 5, 2014. On February 4, 2015, the property was conveyed to the defendants by a referee’s deed. At that time, there were appeals pending before this Court in an action to foreclose a mortgage on the property (hereinafter the foreclosure action) against Dharamjeet Singh, who was the owner of the property at the time and is the plaintiff in the instant action (see Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d 833 [2015]). However, Singh had failed to obtain a stay of enforcement of the orders appealed from in the foreclosure action or a stay of the foreclosure sale (see CPLR 5519).
 

 After the sale, and after this Court reversed an order of the Supreme Court granting summary judgment to the plaintiff in the foreclosure action and denied summary judgment (see Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d at 834), Singh commenced the instant action for a judgment declaring that the defendants did not hold title to the property. The Supreme Court, inter alia, granted the defendants’ motion for summary judgment “dismissing the complaint” and declared that the defendants have title to the property.
 

 In support of their motion for summary judgment, the defendants established, prima facie, that they were bona fide purchasers for value (see generally Real Property Law § 266; Morris v Adams, 82 AD3d 946 [2011]; Fischer v Sadov Realty Corp., 34 AD3d 630, 631 [2006]). The good faith of a purchaser who acquires property for value during the pendency of an appeal “is not vitiated by the purchaser’s actual knowledge of the appeal” (Da Silva v Musso, 76 NY2d 436, 442 [1990]; Sakow v 633 Seafood Rest., 1 AD3d 298, 299 [2003]; Aubrey Equities v Goldberg, 247 AD2d 253 [1998]). In opposition thereto, Singh failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment and declared that the defendants have title to the property.
 

 In light of our determination, we do not reach Singh’s remaining contention.
 

 Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.