AS Helios LLC v Chauhan (2022 NY Slip Op 01959)





AS Helios LLC v Chauhan


2022 NY Slip Op 01959


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 850023/16 Appeal No. 15214 Case No. 2021-02043 

[*1]AS Helios LLC, Plaintiff-Respondent,
v
Pushpa Chauhan et al., Defendants-Appellants, M&T Bank, Also Known as Manufacturers and Traders Company, Defendant-Respondent, New York City Environmental Control Board, et al., Defendants.


Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellants.
Friedman Vartolo LLP, New York (Richard O'Brien of counsel), for AS Helios LLC, respondent.
Herrick, Feinstein LLP, New York (Meaghan Roe of counsel), for M&T Bank, respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about February 23, 2021, which denied defendants Pushpa Chauhan and Paul Eaton's motion to vacate an order and judgment, same court (Arlene P. Bluth, J.), entered May 14, 2019, which granted defendant M&T Bank a/k/a Manufacturers and Traders Company's (M&T Bank) motion to quiet title to property, unanimously affirmed, without costs.
Defendants Pushpa Chauhan and Paul Eaton (defendants) purchased their Upper West Side condominium (the apartment) on December 19, 2003.[FN1] In 2016, plaintiff commenced a foreclosure action against defendants. Plaintiff listed M&T Bank as a named defendant in the foreclosure, in its role as a second mortgagee. On or about April 13, 2017, the motion court granted summary judgment in favor of plaintiff, and defendants appealed. On August 22, 2018, M&T Bank purchased the apartment at a foreclosure sale, and the foreclosure sale deed was recorded on December 12, 2018. The next day, this Court issued an opinion in which we reversed the award of summary judgment to plaintiff and vacated the judgment of foreclosure, based on our finding that there are issues of fact requiring a trial as to whether plaintiff had standing to commence the foreclosure action and whether it had complied with statutory notice requirements (AS Helios LLC v Chauhan, 167 AD3d 492 [1st Dept 2018]).
On or about March 13, 2019, M&T Bank filed an order to show cause in the foreclosure action seeking a judgment declaring that it had good title to the apartment pursuant to RPAPL article 15. On or about April 18, 2019, the motion court granted M&T Bank's application upon the default of defendants.
On or about October 12, 2020, Chauhan filed an order to show cause seeking: (1) to vacate their default on M&T Bank's quiet title application; (2) to vacate the default order granting M&T Bank's quiet title application; and (3) to vacate the sale of the apartment "pursuant to CPLR § 5015(a)(1) and/or CPLR § 5015(a) in the interest of justice." On or about February 23, 2021, the motion court denied her motion, holding that the application was untimely and that Chauhan had failed to demonstrate either a reasonable excuse for her default or a meritorious defense. We now affirm, albeit on somewhat different grounds.
First, we disagree with the motion court that the motion was not timely. Although defendants brought their motion on October 12, 2020, more than one year after the April 18, 2019 order granting M&T Bank's quiet title motion, it was nonetheless timely under the pandemic-related Executive Orders in effect at the time, which extended time limitations from March 20 to November 3, 2020 (Executive Orders [Cuomo] Nos. 202.8, 202.67 [9 NYCRR 8.202.8, 8.202.67]).
Second, we also disagree with the motion court's holding that defendants failed to demonstrate a reasonable excuse for their default. Chauhan stated in her affidavit in support of her order to show cause that her former attorney [*2]never told her about M&T Bank's motion or the order granting it on her default, and that she only learned of these developments after she became unhappy about other aspects of her former attorney's representation and retained new counsel. She further stated that, had she been informed of the motion when made, she would have opposed it. Indeed, she has vigorously defended this foreclosure action since its commencement, as evidenced by her successful appeal from the order granting summary judgment to plaintiff. Under these circumstances, we find that Chauhan stated a reasonable excuse for her default (see CPLR 5015[a][1]; Kohm v Nostrand X Realty Assoc., 288 AD2d 139 [1st Dept 2001] [prior counsel's failure to protect client's interests constituted reasonable excuse]).
Nevertheless, we find that the motion court properly denied Chauhan's motion. Although Chauhan is correct that M&T Bank improperly sought a declaratory judgment to quiet title by filing a motion in the foreclosure action (RPAPL 1501; see also Bank of N.Y. Mellon v 11 Bayberry St., LLC, 186 AD3d 1596 [2d Dept 2020] [relief under RPAPL 1501[4] must be sought by action or counterclaim, not by motion]), we agree with the motion court that "the procedural infirmity of the judgment is, in the end, meaningless as M&T's title is inviolable as a matter of law" (AS Helios LLC v Chauhan, 2021 NY Slip Op 30923[U], at *4 [Sup Ct, NY County 2021]; see also Da Silva v Musso, 76 NY2d 436, 442 [1990]). As a result, further proceedings to vacate the foreclosure sale would be wasteful (Bronx Islamic Socy., Inc. v Ally, 158 AD3d 581, 582 [1st Dept 2018], lv dismissed 32 NY3d 1070 [2018]).
We reject Chauhan's argument that M&T Bank cannot be a good-faith purchaser for value because it was a party to the foreclosure action. The fact that M&T Bank's knowledge of the pending appeal was a consequence of its role as a party in that action, standing alone, does not differentiate it from a purchaser who is aware of a pending appeal for any other reason. In either case, unless the original property owner obtains a stay pending appeal, which Chauhan sought but was denied, the order directing a foreclosure sale "represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal" (Da Silva, 76 NY2d at 440).
In a case cited by Chauhan, Marcus Dairy v Jacene Realty Corp. (298 AD2d 366 [2d Dept 2002], lv dismissed 99 NY2d 578 [2003]), the Appellate Division, Second Department held that Da Silva did not apply where the successful appellant, a first mortgagee, had no alternative remedy against the loss of the priority of its mortgage under the order appealed from. Here, however, as was the case in Da Silva, Chauhan may seek money damages from plaintiff as restitution pursuant to CPLR 5015(d), should she prevail on her assertion that plaintiff lacked standing to commence the foreclosure action or failed to comply with statutory notice requirements.
Chauhan's argument that the foreclosure sale and the deed issued to M&T Bank should be vacated pursuant to CPLR 5015(a)(5) is both unpreserved and unavailing.
We have considered Chauhan's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022



Footnotes

Footnote 1: Eaton now resides in a care facility. Chauhan has power of attorney to act on his behalf.