Iovino v Deutsche Bank Natl. Trust Co. (2023 NY Slip Op 03341)

Iovino v Deutsche Bank Natl. Trust Co.

2023 NY Slip Op 03341

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03825
 (Index No. 501201/19)

[*1]Madeline Iovino, et al., appellants, 
v
Deutsche Bank National Trust Co., etc., defendant, Kristina Nilaj, et al., respondents.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Mark Goreczny of counsel), for appellants.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondents.

DECISION & ORDER
In an action for restitution, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated April 29, 2020. The order, insofar as appealed from, granted the motion of the defendants Kristina Nilaj and Rito Nilaj pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2011, Deutsche Bank National Trust Company, as trustee of the INDYMAC INDX Mortgage Loan Trust 2005-AR15, Mortgage Pass Through Certificates, Series 2005-AR15, under the pooling and servicing agreement dated July 1, 2005 (hereinafter Deutsche Bank), commenced an action to foreclose a mortgage on certain residential property located in Mahopac against, among others, the property owners, Madeline Iovino and Peter Iovino (hereinafter together the Iovinos). Deutsche Bank obtained a judgment of foreclosure and sale, entered June 28, 2017. The Iovinos appealed from the judgment of foreclosure and sale and moved to stay the foreclosure sale, but their motion was denied. While the appeal was pending, the property was sold at the foreclosure sale and ultimately purchased by Kristina Nilaj and Rito Nilaj (hereinafter together the Nilaj defendants). In April 2019, the judgment of foreclosure and sale was reversed on appeal, and the complaint in the foreclosure action was dismissed insofar as asserted against the Iovinos (see Deutsche Bank Natl. Trust Co. v Iovino, 171 AD3d 1011).
The Iovinos then commenced this action against Deutsche Bank and the Nilaj defendants, in effect, pursuant to CPLR 5015(d) and CPLR 5523, for restitution of the property or its value, which, the complaint asserted, was $600,000. The complaint alleged that the property was sold at the foreclosure sale to Deutsche Bank, which then sold the property to the Nilaj defendants for $400,000. The Nilaj defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion. The Iovinos appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction (see id. § 3026). The court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Sokoloff v Harriman Estates [*2]Dev. Corp., 96 NY2d 409, 414; Leon v Martinez, 84 NY2d 83, 87-88).
Where a judgment of foreclosure and sale is reversed on appeal, the successful appellant may seek restitution of property lost by the judgment (see CPLR 5015[d]; 5523). However, where the property was sold pursuant to the judgment of foreclosure and sale, and the title is held by "a purchaser in good faith and for value," recovery is limited to the value of the property (id. § 5523). In the absence of a stay of the sale or an outstanding notice of pendency, title of the purchaser in good faith and for value "is . . . insulate[d] . . . from the effects of an appellate reversal" (Da Silva v Musso, 76 NY2d 436, 441; see Singh v Ahamad, 154 AD3d 683, 684; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 768).
Here, accepting the facts as alleged in the complaint as true, and according the Iovinos the benefit of every possible favorable inference, the complaint fails to state a cause of action against the Nilaj defendants inasmuch as it establishes that they were purchasers in good faith and for value. "It is elementary that a final judgment . . . represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal. Furthermore, while an appeal from a final judgment . . . may leave an inchoate shadow on the rights defined therein, those rights are nonetheless fully enforceable in the absence of a judicially issued stay pending disposition of the appeal" (Da Silva v Musso, 76 NY2d at 440). Here, it is undisputed that there was no judicially issued stay pending disposition of the appeal, and the Nilaj defendants were entitled to rely upon the judgment of foreclosure and sale (see id. at 442). Contrary to the Iovinos' contention, the inadequacy of the price paid as alleged in the complaint is insufficient to establish that the Nilaj defendants were not good-faith purchasers for value (see Truesdell v Sarles, 104 NY 164, 167; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 406-410).
Accordingly, the Supreme Court properly granted the Nilaj defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court