AMK Capital Corp. v Plotch (2024 NY Slip Op 03324)

AMK Capital Corp. v Plotch

2024 NY Slip Op 03324

Decided on June 18, 2024

Appellate Division, First Department

OING, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Jeffrey K. Oing
Lizbeth González Tanya R. Kennedy John R. Higgitt

Index No. 32374/17 Appeal No. 2271 Case No. 2023-06803 

[*1]AMK Capital Corp., etc., Plaintiff,
v
Adam Plotch etc., Defendant-Appellant, Board of Managers of the Parkchester North Condominium, Defendant-Respondent, Cifre Realty Corp., etc., et al., Defendants, Magdy Mikhail et al., Nonparty Respondents.

Defendant Adam Plotch appeals from the order of the Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about November 28, 2023, which, insofar as appealed from as limited by the briefs, granted his motion pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale to the extent of ordering a traverse hearing and conditionally granting vacatur pending a determination of service pursuant to CPLR 308(2).

New York Litigation Group, PLLC, Rochester (Austin T. Shufelt of counsel), for appellant.
Herrick, Feinstein LLP, New York (Meaghan Roe and Arthur G. Jakoby of counsel), for respondents.

OING, J. 

This appeal asks us to address an issue of first impression — whether CPLR 308(2)'s restrictions prohibiting the inclusion of information indicating that a communication "is from an attorney or concerns an action against the person to be served" on an envelope in which process is mailed to a place of business apply when the mailing address serves both as a defendant's residence and place of business. We hold that where a defendant's address serves a dual purpose, a mailing in conformity with CPLR 308(2)'s residential requirement is proper and that the restrictions concerning litigation-related information do not apply.
Plaintiff AMK Capital Corp., as agent of Kapco Industries, Inc., commenced this foreclosure action to foreclose a commercial mortgage loan for a condominium (the premises) that it made to defendant Cifre Realty Corp. On May 12, 2005, Cifre executed a note in plaintiff's favor wherein it agreed to repay a loan totaling $50,000, and executed a mortgage in which it pledged the premises as security. On May 7, 2007, in connection with a refinancing, Cifre borrowed an additional $75,000 from plaintiff, and executed a gap note and gap mortgage in plaintiff's favor. That same day, the notes and mortgages were consolidated to form a single indebtedness and lien in the amount of $125,000.
On July 6, 2009, the Condominium Association's Board of Managers elected to foreclose its lien on the premises for unpaid common charges due from Cifre totaling $5,253.20, with additional assessments in the amount of $4,262.64, for a total sum of $9,515.84. On July 28, 2010, the Board of Managers obtained and entered a final judgment of foreclosure and sale in its favor totaling $15,043.67, which provided that the premises would be sold subject to the prior consolidated mortgage lien of $125,000.
On March 7, 2011, the lien was sold at auction to defendant Adam Plotch (defendant) for $10,000, and the referee, together with defendant, executed a memorandum of sale indicating that the sale was subject to the prior consolidated mortgage in the amount of $125,000. On August 9, 2011, defendant accepted title to the premises by a referee's deed, which indicated that the sale to him was subject to plaintiff's mortgage, and which converted the mortgage to a lien by virtue of the sale. On September 26, 2011, defendant commenced an action [*2]seeking to quiet title to the premises, which Supreme Court dismissed on the grounds that the referee's deed clearly put defendant on notice that he was acquiring title subject to the consolidated mortgage. This Court affirmed (Plotch v Kapco Indus., Inc., 110 AD3d 432 [1st Dept 2013]). Plaintiff commenced this action seeking to foreclose the consolidated mortgage lien on June 23, 2017. Plaintiff filed a notice of pendency on the same day.
As is relevant to this appeal, the process server's affidavit indicated that a copy of the summons and complaint and notice of pendency were mailed via first class mail to defendant's residence at "95 West 95th Street, Apt. 29E, New York, NY 10025" in a first-class, postage paid envelope "not indicating that the mailing was from an attorney or concerned legal action and marked 'Personal and Confidential.'" In actuality, however, the envelope had no marking indicating that its contents were "personal and confidential" and bore information revealing that the contents were litigation-related. Specifically, it had on it the return address of Alstate, the process serving company, and was addressed to:
"ADAM PLOTCH, AS RECORD OWNER BY REFEREE'S DEED RECORDED IN CRFN 2011000318280 UNDER CONDOMINUM ASSOCIATION FORECLOSURE ACTION BRONX CO. INDEX NO 381425/09."
Defendant defaulted in answering or appearing, and plaintiff obtained and entered a judgment of foreclosure and sale on November 26, 2018. On February 25, 2019, nonparty Jingli Qu purchased the premises at auction for $175,000, with the referee's deed transferring title to Qu. Nonparty respondents Magdy Mikhail and Olga Garcia-Mikhail purchased the premises from Qu in August 2019 for $245,000.
On September 20, 2023, defendant moved to vacate the foreclosure judgment and to invalidate the subsequent sales. He challenged CPLR 308(2)'s delivery requirement by arguing that the person served with the summons and complaint was not a "person of suitable age and discretion." As to his challenge to CPLR 308(2)'s mailing requirement, he asserted that his address serves as both his residence and place of business; that, to the extent the address was his business address, the envelope's extensive litigation-related information markings violated CPLR 308(2)'s prohibition; and that the violation mandates vacatur of the foreclosure judgment and dismissal of the foreclosure complaint for lack of personal jurisdiction as a matter of law. Defendant also argued that, regardless of his personal jurisdiction argument, the foreclosure complaint should be dismissed because there was no notice of pendency in effect at the time of the foreclosure judgment's issuance.
Supreme Court found that a factual issue existed as to CPLR 308(2)'s delivery requirement. It rejected defendant's argument that the presence of the litigation-related information on the envelope mandated vacatur and dismissal because the address was his residence, relying on Howard Johnson Intl. v Wang (7 F Supp 2d 336 [*3][SD NY 1998], affd 181 F3d 82 [2d Cir 1999]). Accordingly, the court directed that a traverse hearing be held to resolve the CPLR 308(2) service of process issue. Supreme Court found defendant's argument that the absence of an effective notice of pendency requires vacatur pursuant to RPAPL 1331 unavailing, citing Deutsche Bank Natl. Trust Co. v Brown (133 AD3d 563, 563 [2d Dept 2015]).
Contrary to the Mikhails' argument, Supreme Court properly found that a factual issue existed as to whether a person of suitable age and discretion was served with the summons and complaint at defendant's address. Indeed, defendant does not appeal Supreme Court's determination to hold a traverse hearing concerning the delivery aspect of CPLR 308(2). As to defendant's argument concerning CPLR 308(2)'s mailing requirement, the fact that he is in actual receipt of the mailed summons and complaint does not resolve his jurisdictional argument concerning that requirement (see Raschel v Rish, 69 NY2d 694, 697 [1986]).
We affirm Supreme Court's determination regarding the mailing requirement, but for different reasons. There is no dispute that defendant's address serves as his residence and business. The appeal is focused on defendant's contention that where there is a dual purpose for the address, the mailing must comply with the litigation-related information restrictions afforded to a mailing to a defendant's place of business. Essentially, defendant's argument is that the business purpose overrides the residential purpose. He contends that compliance with CPLR 308(2)'s business mailing restrictions is not excused "just because the defendant's place of business happens to be furnished with a bed."
CPLR 308(2) provides, in relevant part:
"Personal service upon a natural person shall be made . . . by delivering the summons . . . to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served . . . ."
The law is well settled that personal jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been complied with (see Williams v MTA Bus Co., 224 AD3d 467, 468 [1st Dept 2024]). The mailing requirement of CPLR 308(2) is to be strictly construed (id.). The failure to comply with CPLR 308(2)'s mailing requirement is a jurisdictional defect warranting a finding as a matter of law that service thereunder was invalid (id.). Thus, if defendant's argument were to prevail, the foreclosure judgment would be vacated and [*4]the complaint dismissed as a matter of law.
Here, there is no dispute that if defendant's address were only a place of business the envelope's litigation-related markings would violate CPLR 308(2). The question is whether the business purpose overrides the residential purpose of defendant's address, rendering the mailing herein invalid as a matter of law. Reliance on Howard Johnson Intl., Inc. v Wang (7 F Supp 2d 336) to resolve this issue is misplaced because it is factually distinguishable from the case before us. In Wang, the defect in mailing was that the envelope did not bear the words "personal and confidential." Here, however, the issue is the prohibited inclusion of litigation-related information on the envelope indicating that the "communication . . . concerns an action against the person to be served," which is arguably more significant than the absence of the "personal and confidential" marking. Additionally, Wang was commenced in federal court and turned on compliance with Federal Rules of Civil Procedure rule 4(e), which is markedly different from CPLR 308(2).
Defendant's argument that where a dual purpose exists the business mailing restrictions prohibiting litigation-related markings on the envelope take precedence over the residential mailing conditions is untenable. This position would improperly render meaningless one provision in favor of the other for no apparent reason other than to benefit one side over the other (see Matter of Friedman v Rice, 30 NY3d 461, 477-478 [2017] [a court in construing a statute should generally assume that every word in the statute has a meaning and was inserted for a purpose]; McKinney's Cons Laws of NY Book 1 Statutes § 231 ["It is not to be supposed that the Legislature will deliberately place words or phrases in a statute without any purpose in view."]). That said, a close reading of CPLR 308(2)'s mailing requirements reveals an alternative construction that would resolve this interesting dilemma (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998] ["the starting point in any case of interpretation must always be the [statute's] language itself, giving effect to the plain meaning thereof"]). The placement of the phrase "last known residence" before the phrase "actual place of business" signals the Legislature's clear intent to deem mailing to a defendant's residence to be primary over a place of business. Indeed, the legislative history for the 1987 amendment to CPLR 308(2) strongly supports this reasoning (see Assembly Mem in Support, Bill Jacket, L. 1987, ch 31).[FN1] The amendment providing for mailing to a place of business was to ameliorate the inability to locate a defendant's residence. Thus, mailing to a residential address is primary over a mailing to a place of business, an option that was intended to be secondary in effectuating service of process. Based on the foregoing, where a defendant's address is both residential and a place of business, the address may be deemed [*5]as a residential one in the affidavit of service, permitting a mailing in accordance with CPLR 308(2)'s residential mailing requirements. Under these circumstances, the mailing at issue herein did not violate CPLR 308(2)'s mailing requirements.
Defendant next argues that the foreclosure judgment should have been vacated for the lack of a valid notice of pendency regardless of the outcome of his jurisdictional challenge. This argument is equally unavailing. A notice of pendency may be filed pursuant to CPLR 6501 where a judgment "would affect the title to, or the possession, use or enjoyment of, real property." It serves to provide constructive notice of a plaintiff's claim to potential purchasers or incumbrancers, and not for a defendant's benefit (see CPLR 6501). Moreover, in a foreclosure action, a notice of pendency must be filed at least 20 days prior to the issuance of a final judgment directing the sale of the property (RPAPL 1331).
Here, the notice of pendency was not effective as to defendant because it was not timely served upon him (see CPLR 6512). Thus, a notice of pendency was not in effect upon issuance of the foreclosure judgment pursuant to RPAPL 1331. However, because the purpose of a notice of pendency is to prevent a defendant from thwarting the objective of an action by transferring the property to an unwitting third party, the failure to have an effective notice of pendency upon issuance of a foreclosure judgment is not fatal because that failure is not a jurisdictional defect, but merely an absence of an element of a cause of action that is curable (see Deutsche Bank Natl. Trust Co. v Brown, 133 AD3d 563, 563 [2d Dept 2015]). Thus, there is no basis to vacate the foreclosure judgment pursuant to CPLR 5015(a)(4).
Accordingly, the order of the Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about November 28, 2023, which, insofar as appealed from as limited by the briefs, granted defendant Adam Plotch's motion pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale to the extent of ordering a traverse hearing and conditionally granting vacatur pending a determination of service pursuant to CPLR 308(2), should be affirmed, with costs.
Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about November 28, 2023, affirmed, with costs.
Opinion by Oing, J.P. All Concur.
Oing, J.P., González, Kennedy, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024

Footnotes

Footnote 1: "AN ACT to amend the civil practice law and rules, in relation to substituted service.
. . .
"To permit, in cases of substituted service of process, mailing of a copy of the summons to the defendant at his actual place of business, by first class mail in envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

. . .
"This would permit an alternate option of mailing of a copy of the summons to the defendant at his actual place of business, in addition to the present authorization for mailing to the last known residence.

. . .
"At present, CPLR § 308(2) and (4) authorizes mailing only to the defendant's last known residence.

. . .
"Presently, substituted service of a summons may be made at the defendant's place of business by delivery of a copy to a person of suitable age and discretion or by "nailing" and by then mailing only to his last known address, which address may not be known and, therefore, defeat service under these subdivisions. The bill would permit alternate mailing to the actual place of business, which would be most helpful when an attorney is faced with a statute of limitations problem."