Yesmin v Aliobaba, LLC (2025 NY Slip Op 02964)

Yesmin v Aliobaba, LLC

2025 NY Slip Op 02964

Decided on May 14, 2025

Appellate Division, Second Department

Brathwaite Nelson, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-02724
 (Index No. 721916/20)

[*1]Hasina Yesmin, respondent,
v
Aliobaba, LLC, appellant.

APPEAL by the defendant, in an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, from an order of the Supreme Court (Kevin J. Kerrigan, J.), entered March 30, 2022, in Queens County. The order granted the plaintiff's motion for summary judgment on the cause of action to cancel and discharge of record a referee's deed and denied the defendant's cross-motion for summary judgment dismissing the complaint or, in the alternative, for the imposition of an equitable lien on the subject property.

The Law Office of Keith S. Garret, P.C., Babylon, NY, for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

BRATHWAITE NELSON, J.P.

OPINION & ORDER
This appeal raises the question of what effect an extant notice of pendency has on the title to real property acquired by a third party from a judicial foreclosure sale when the judgment of foreclosure and sale is reversed on the appeal of a defendant to the foreclosure action. For the reasons that follow, we hold that a notice of pendency that was unexpired at the time of the foreclosure sale has no effect on the title acquired by a good faith purchaser for value from a sale conducted pursuant to the judgment of foreclosure and sale.
Factual and Procedural Background
By deed dated January 5, 2006, the plaintiff, Hasina Yesmin, took title to a four-family residential property located in Queens (hereinafter the property). On that same date, Yesmin executed a note in the amount of $600,000 and encumbered the property with a mortgage as security for the loan. In 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action against Yesmin, among others, to foreclose the mortgage (hereinafter the foreclosure action) and filed a notice of pendency of the action. The notice of pendency was extended, including on November 9, 2015. The Supreme Court granted Wells Fargo's motions, (1) inter alia, for summary judgment on the complaint insofar as asserted against Yesmin and for an order of reference, and (2) to confirm the referee's report and for a judgment of foreclosure and sale. On February 21, 2017, the court entered a judgment of foreclosure and sale. Yesmin appealed from the judgment of foreclosure and sale but did not obtain a stay of enforcement pursuant to CPLR 5519. On May 12, 2017, the property was sold by the referee pursuant to the judgment of foreclosure and sale for the sum of $815,000. The winning bid was assigned to the defendant, Aliobaba, LLC (hereinafter Aliobaba), which took title to the property by a referee's deed dated November 16, 2017.
Nearly three years later, in a decision and order dated September 30, 2020, this Court reversed the judgment of foreclosure and sale and denied those branches of Wells Fargo's motion which were to confirm the referee's report and for a judgment of foreclosure and sale (see Wells [*2]Fargo Bank, N.A. v Yesmin, 186 AD3d 1761). This Court determined that the referee's report as to the total amount due on the underlying debt was not supported by admissible evidence and that Yesmin was entitled to notice pursuant to CPLR 4313 of a hearing to be held with respect to the total amount due to Wells Fargo (see Wells Fargo Bank, N.A. v Yesmin, 186 AD3d at 1762-1763).
Shortly thereafter, Yesmin commenced this action against Aliobaba, inter alia, pursuant to RPAPL article 15 to cancel and discharge of record the referee's deed conveying the property to Aliobaba. Aliobaba interposed an answer with various affirmative defenses and counterclaims, seeking, among other things, to recover the purchase price of the property as well as certain sums invested for the improvement thereof in the event that the property were restored to Yesmin. Yesmin moved for summary judgment on the cause of action to cancel and discharge of record the referee's deed to Aliobaba on the ground that since the judgment of foreclosure and sale that authorized the sale had been reversed, the referee's deed must be canceled. Aliobaba cross-moved for summary judgment dismissing the complaint or, in the alternative, for the imposition of an equitable lien on the property. Aliobaba contended, among other things, that it was a good faith purchaser for value whose title was protected from the effects of the reversal of the judgment of foreclosure and sale. In opposition to the cross-motion and in reply, Yesmin contended, inter alia, that Aliobaba took title subject to a valid notice of pendency, which had not expired by the time of the foreclosure sale, and, therefore, Aliboaba's title, taken by the referee's deed, was invalidated by the reversal of the judgment of foreclosure and sale. By order entered March 30, 2022, the Supreme Court granted Yesmin's motion and denied Aliobaba's cross-motion. Aliobaba appeals.
Discussion
The primary issue raised on appeal is whether the referee's deed was invalidated by the reversal of the judgment of foreclosure and sale. To resolve this question, we must first examine the statutory authority vested in the courts to remedy the effects that a judgment of foreclosure and sale, subsequently reversed, vacated, or otherwise set aside, may have had on the rights of the parties with regard to the property at issue. Pursuant to CPLR 5523, an appellate court reversing or modifying a final judgment may order restitution of property or rights lost by the judgment. In the foreclosure action, this Court's decision and order reversing the judgment of foreclosure and sale, which left untouched the grant of summary judgment on the complaint insofar as asserted against Yesmin, did not order restitution of the property or rights lost by the judgment of foreclosure and sale.
Pursuant to CPLR 5015(d), where a judgment has been set aside or vacated, the Supreme Court is authorized to direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal. Of significance, the ability of a trial or appellate court to order restitution of property is qualified by the condition that "where the title of a purchaser in good faith and for value would be affected, the court may order the value or the purchase price restored or deposited in court" (id. § 5523). The effect of this provision is that where title to the property has been transferred to a purchaser in good faith and for value, in the event of an appellate reversal, restitution of the property is no longer available and the successful appellant "must content itself with . . . restoration of the value or purchase price already paid" (Da Silva v Musso, 76 NY2d 436, 444).
In opposition to Yesmin's motion and in support of its cross-motion, Aliobaba established that it had purchased the property from the judicial foreclosure sale for the sum of $815,000. Yesmin does not dispute that Aliobaba was a purchaser "for value" or that it was a purchaser "in good faith" except for the notice of pendency. Yesmin contends that the title acquired by Aliobaba must fall with the reversal of the judgment of foreclosure and sale because Wells Fargo's notice of pendency had not expired at the time of the foreclosure sale. To support this proposition, Yesmin relies upon caselaw stating the rule generally that a person who acquires title "after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479, citing CPLR 6501). Yesmin's contention, however, fails to appreciate the purpose of a notice of pendency and the significance of whether a person acquires the property from a judicial foreclosure sale or from a defendant during the pendency of a foreclosure action. Notably, Yesmin has cited to no caselaw holding that a purchaser at a judicial foreclosure sale is not a purchaser in "good faith" on the ground that the notice of pendency of the foreclosure action had not expired at the time of the foreclosure sale.
A notice of pendency may be filed in any action in which "the judgment demanded [*3]would affect the title to, incumbrance of, or the possession, use or enjoyment of, real property" (CPLR 6501[a]). A notice of pendency is "constructive notice . . . to a purchaser from . . . any defendant named in a notice of pendency . . . or any defendant against whose name a notice of pendency is indexed" (id. [emphasis added]). A notice of pendency is a "provisional remedy authorized by the Legislature" to "put[ ] the world on notice of the plaintiff's potential rights in the action" (Matter of Sakow, 97 NY2d 436, 440 [internal quotation marks omitted]). Its purpose is "to prevent a defendant from thwarting the objective of an action by transferring the property to an unwitting third party" (AMK Capital Corp. v Plotch, 230 AD3d 26, 33). "It serves to provide constructive notice of a plaintiff's claim to potential purchasers or incumbrancers, and not for a defendant's benefit" (id.).
When property is sold at a judicial foreclosure sale, constructive notice is not needed, as the purchaser has actual notice of the plaintiff's claim to a lien on the property and is well aware that the title to the property is transferring through foreclosure. Moreover, once a judgment has been entered in the plaintiff's favor, the rights of the plaintiff are not potential; they are real and have been determined by a court. "It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal. Furthermore, while an appeal from a final judgment or order may leave an inchoate shadow on the rights defined therein, those rights are nonetheless fully enforceable in the absence of a judicially issued stay pending disposition of the appeal" (Da Silva v Musso, 76 NY2d at 440).
As noted, Yesmin failed to obtain a stay either without a court order (see CPLR 5519[a][6]) or by court order (see id. § 5519[c]). Thus, Wells Fargo was free to move forward with the foreclosure sale. In fact, the Legislature has mandated that a judgment of sale direct that the mortgaged premises be sold within 90 days of the date of the judgment (see RPAPL 1351[1]), evincing a legislative intent that, in the absence of a stay, the sale should proceed forthwith.
Aside from the obvious benefit and incentive to file a notice of pendency at the commencement of an action, RPAPL 1331 requires a plaintiff to file a notice of pendency at least 20 days before a final judgment directing a sale is rendered. This Court has described this requirement as, in effect, an element of a cause of action to foreclose a mortgage, which, if missing, could preclude the entry of a final judgment (see Slutsky v Blooming Grove Inn, 147 AD2d 208, 212; see also Deutsche Bank Natl. Trust Co. v Brown, 133 AD3d 563, 563). Unless canceled (see CPLR 6514, 6515), a notice of pendency has a three-year duration from the date of filing (see id. § 6513). Thus, the possibility is great that a notice of pendency is extant at the time of a foreclosure sale. Yesmin's contention that title acquired by referee's deed, otherwise taken in good faith and for value, is nonetheless negated upon reversal of the judgment because the notice of pendency of the foreclosure action had not yet expired at the time of the foreclosure sale is untenable. Such a determination would render meaningless the need to obtain a stay and run contrary to the established caselaw requiring a stay pending disposition of the appeal in order to protect title and restrict alienability (see Da Silva v Musso, 76 NY2d at 440; Iovino v Deutsche Bank Natl. Trust Co., 217 AD3d 848, 850; AS Helios LLC v Chauhan, 203 AD3d 567, 569).
Once a judgment is entered, the need to obtain a stay pending appeal in order to protect the right to restitution of the property is shared equally by a defendant or a plaintiff against whom the judgment is entered. Where a judgment has been entered against a plaintiff, "the plaintiff's right to impair the marketability of the property during the pendency of an appeal [is conditioned] upon the issuance of a discretionary CPLR 5519(c) stay" (Da Silva v Musso, 76 NY2d at 443). Thus, regardless of whether the judgment is issued in favor of a defendant or the plaintiff, once a judgment is entered, a stay is necessary to protect the property, and in the absence of a stay, the winning party is free to transfer the property as it sees fit.
Here, Aliobaba established that no stay was issued precluding the foreclosure sale and that it was a purchaser in good faith and for value, whose title is insulated from the effects of the reversal of the judgment of foreclosure and sale (see Puretz v Fannie Mae, 233 AD3d 816, 819; Iovino v Deutsche Bank Natl. Trust Co., 217 AD3d at 850; Singh v Ahamad, 154 AD3d 683, 684; Aubrey Equities v Goldberg, 247 AD2d 253, 253; see also AS Helios LLC v Chauhan, 203 AD3d at 569). In opposition, Yesmin failed to raise a triable issue of fact. While the parties dispute whether Aliobaba was aware of Yesmin's appeal, "the 'good faith' of a purchaser who has acquired the property for value during the pendency of a[n] . . . appeal is not vitiated by the purchaser's actual knowledge of the appeal" (Da Silva v Musso, 76 NY2d at 442; see Singh v Ahamad, 154 AD3d at 684; Aubrey Equities v Goldberg, 247 AD2d at 253).
Contrary to Yesmin's contention, the referee's deed was not rendered void merely by the reversal of the judgment of foreclosure and sale. Her reliance on cases in which the judgment was found void for lack of personal jurisdiction are inapposite, as the judgment here was not found void (see e.g. U.S. Bank, N.A. v Bernhardt, 88 AD3d 871). Furthermore, we note that Yesmin has not sought to set aside the foreclosure sale itself (see RPAPL 231[6]; CPLR 2003; Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1030). Since no party argues that the referee's deed cannot be set aside without also setting aside the foreclosure sale, that issue is not before us.
Since Aliobaba established that it is "a purchaser in good faith and for value" whose title would be affected by restitution of Yesmin's property rights lost by the judgment of foreclosure and sale, Yesmin may not seek restitution by canceling the referee's deed and, instead, is limited to monetary relief against the plaintiff to the foreclosure action (CPLR 5523; see Da Silva v Musso, 76 NY2d at 441; AS Helios LLC v Chauhan, 203 AD3d at 569).
Accordingly, the Supreme Court should have granted that branch of Aliobaba's cross-motion which was for summary judgment dismissing the complaint and denied Yesmin's motion for summary judgment on the cause of action to cancel and discharge of record the referee's deed to Aliobaba.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the order is reversed, on the law, Yesmin's motion for summary judgment on the cause of action to cancel and discharge of record a referee's deed is denied, that branch of Aliobaba's cross-motion which was for summary judgment dismissing the complaint is granted, and that branch of Aliobaba's cross-motion which was for the imposition of an equitable lien on the subject property is denied as academic.
WOOTEN, FORD and TAYLOR, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the cause of action to cancel and discharge of record a referee's deed is denied, that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint is granted, and that branch of the defendant's cross-motion which was for the imposition of an equitable lien on the subject property is denied as academic.
ENTER:
Darrell M. Joseph
Clerk of the Court