HSBC Bank USA, N.A. v Bazigos

2026 NY Slip Op 02831

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HSBC Bank USA, National Association, etc., respondent,

v

Michael N. Bazigos, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2021-07250, 2022-08431, (Index No. 69187/13)

Angela G. Iannacci, J.P.

Lara J. Genovesi

Carl J. Landicino

Laurence L. Love, JJ.

Stephen C. Silverberg, PLLC, Uniondale, NY, for appellant.

Goodwin Procter LLP, New York, NY (Richard A. Sillett and Allison Schoenthal of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Michael N. Bazigos appeals from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 10, 2021, and (2) an order of the same court dated August 30, 2021. The order dated May 10, 2021, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5523 for restitution of the subject property and denied, in effect, as premature, that branch of that defendant's motion which was pursuant to CPLR 5523 for restitution of the value of the property. The order dated August 30, 2021, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael N. Bazigos and for an order of reference and denied that branch of that defendant's cross-motion which was to compel certain discovery.

ORDERED that the order dated May 10, 2021, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

ORDERED that the order dated August 30, 2021, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael N. Bazigos and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated August 30, 2021, is affirmed insofar as appealed from, without costs or disbursements.

As alleged by the plaintiff, on September 21, 2004, the defendant Michael N. Bazigos (hereinafter the defendant) executed a consolidated note in the amount of $528,000 in favor of First National Bank of Arizona (hereinafter Bank of Arizona). The consolidated note was secured by a consolidated mortgage on certain real property located in Westchester County. The consolidated mortgage was signed by both the defendant and the defendant Katerina Bazigos.

On November 22, 2013, the plaintiff, Bank of Arizona's purported successor in interest, commenced the instant action to foreclose the consolidated mortgage against the defendant, [*2]among others. In two orders, both dated March 11, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The court issued an order and judgment of foreclosure and sale on January 6, 2017. In a decision and order dated September 25, 2019, this Court reversed the order and judgment of foreclosure and sale and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see HSBC Bank USA, N.A. v Bazigos, 175 AD3d 1506, 1508). The subject property allegedly was sold at a foreclosure auction prior to this Court's decision and order dated September 25, 2019, and the defendant then moved pursuant to CPLR 5523 for restitution of the subject property or its value. In an order dated May 10, 2021, the Supreme Court, among other things, denied that branch of the defendant's motion which was for restitution of the subject property and denied, in effect, as premature, that branch of the defendant's motion which was for restitution of the value of the subject property.

On July 9, 2021, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved, among other things, to compel the deposition of the vice president of the plaintiff's loan servicer. In an order dated August 30, 2021, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. The defendant appeals.

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5523 for restitution of the subject property. The subject property was sold at auction to a good faith purchaser for value, and the purchaser was thus "insulated . . . from the effects of an appellate reversal" (Iovino v Deutsche Bank Natl. Trust Co., 217 AD3d 848, 850 [alteration and internal quotation marks omitted]; see CPLR 5523; Da Silva v Musso, 76 NY2d 436, 442). To the extent that the defendant sought to recover the value of the property from the plaintiff based on this Court's prior reversal of the order and judgment of foreclosure and sale (see HSBC Bank USA, N.A. v Bazigos, 175 AD3d at 1508), the Supreme Court correctly denied that branch of the motion, in effect, as premature under the circumstances presented (see Key Bank of W. N.Y. v Kessler Graphics Corp., 199 AD2d 978, 979).

However, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304, since it failed to demonstrate that it sent an individual RPAPL 1304 notice to each borrower, as required by the statute (see U.S. Bank N.A. v Reddy, 220 AD3d 967, 971-972; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134). The record reveals that the RPAPL 1304 notice was jointly addressed to both the defendant and Katerina Bazigos.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court